## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WANDA WILLIAMS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )      **Case No. 14-1081-CM** |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Wanda Williams claims that she became disabled in November 2010, based on both physical and mental limitations. She applied for disability insurance benefits and supplemental security income. The Commissioner of Social Security denied both requests, and this court now reviews the decision of the Administrative Law Judge ("ALJ"). Plaintiff challenges the portion of the ALJ's opinion that gave little weight to plaintiff's treating psychologist, Kerin Schell, Ph.D. Dr. Schell's treatment records represent the key evidence that could support a finding that plaintiff is mentally disabled. If the ALJ improperly weighed Dr. Schell's opinion, then the court must remand the case.

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The court's review is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir.

1995)).  In evaluating whether a claimant is disabled, the ALJ engages in a five-step process.  *See*

*Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (identifying five-step process) (citations

omitted).  The court will not repeat that process here, though; the only issue is whether the ALJ

properly weighed Dr. Schell's opinion.

Dr. Schell was plaintiff's treating psychologist, at least for a period of time.  "'Treating source

medical opinions are [ ] entitled to deference,' and must be either given controlling weight or assigned

some lesser weight 'using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.'"  *Andersen*

*v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (quoting Social Security Ruling ("SSR") 96–2p,

1996 WL 374188, at *4)).  The ALJ must give the opinion controlling weight if it is (1) "well-

supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not

inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2).  If the

opinion fails either of these tests, then the ALJ must consider a number of factors to determine the

weight to give the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the
> nature and extent of the treatment relationship, including the treatment provided and the
> kind of examination or testing performed; (3) the degree to which the physician's
> opinion is supported by relevant evidence; (4) consistency between the opinion and the
> record as a whole; (5) whether or not the physician is a specialist in the area upon which
> an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend
> to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  The ALJ's opinion need not explicitly

discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), but it must be clear

that the ALJ considered every factor, *see* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in

paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through

(c)(6) of this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188, at

*4 ("Treating source medical opinions . . . must be weighed using all of the factors provided . . . .").

When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's reports. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289–90 (10th Cir. 1995).

The record includes four months of treatment records by Dr. Schell.  During that time period (October 2011 through January 2012), he saw plaintiff either ten or eleven times.  He diagnosed plaintiff with bipolar disorder with several psychotic features, as well as other mental impairments.  But the ALJ gave Dr. Schell's opinion "minimal weight," finding it inconsistent with the rest of the record.  The ALJ gave significant weight to the opinions of two other doctors—Arlene O'Neal Gaut, Ph.D., and Lauren Cohen, Ph.D.  Dr. Gaut examined plaintiff once in September 2011.  Dr. Cohen reviewed plaintiff's records in September 2011.

The ALJ found that Dr. Schell's opinion was inconsistent with plaintiff's prior medical records, Dr. Gaut's examination, and plaintiff's own reports of her symptoms to her medical providers.  He noted that plaintiff complained to Dr. Schell of hallucinations, but that she had not previously mentioned this problem to any of her other providers.  He also noted that plaintiff told Dr. Schell about a number of other symptoms that appear nowhere else in the record.

The ALJ took the first required step in evaluating Dr. Schell's opinion—he considered whether it was consistent with the rest of the record.  But once he found it inconsistent, he failed to evaluate any of the six factors identified above (except consistency with the record).  Neither did the ALJ explain why the reports of the non-treating physicians outweighed that of Dr. Schell.  The court does not require factor-by-factor analysis, *see Oldham*, 509 F.3d at 1258, but the ALJ must give some indication that he considered the applicable factors in addition to consistency with the record.

For these reasons, the court must remand the case for further consideration by the ALJ.  The court would be remiss, however, if it did not mention plaintiff's counsel's advocacy style in this case.

While the court finds in favor of plaintiff, the court cannot condone the manner in which counsel attacked the ALJ and his decision-making process.  More than once, counsel made unsupported allegations, calling the process "corrupted" and suggesting that the ALJ was "perhaps biased."  (Doc. 14 at 33, 34.)  These personal attacks are unwarranted, distracting, and did not aid counsel's attempt to advocate on behalf of his client.  The court remands the case because the ALJ did not explain his reasoning as the law requires he must—not because counsel's manner of attack was effective.

IT IS THEREFORE ORDERED that the Commissioner's decision is reversed and remanded.

Dated this 5th day of May, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**